UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IN RE Application for Habeas Corpus
on Behalf of ESTEBAN GERONIMO
by POSR A. POSR, as Next Friend,

                              NOT FOR PUBLICATION
            Petitioner,      MEMORANDUM & ORDER

-against-

                              11-CV-1121 (CBA)

WARDEN R. RUSHING,

            Respondent.
----------------------------------------------------------x
AMON, United States District Judge.

On March 7, 2011, the Court received this petition for a writ of habeas corpus, 28 U.S.C. § 2255, which was filed by Posr A. Posr who purports to be litigating on behalf of Esteban Geronimo as his "next friend." Posr does not have standing to file a petition on Geronimo's behalf. Because the statute of limitations has run and Geronimo cannot now file a new petition, the Court grants Geronimo thirty (30) days within which to file an amended petition that cures the standing defect.

## BACKGROUND

Geronimo was convicted by a jury in this Court on July 28, 2006, and the Court entered judgment and sentence on February 25, 2008. United States v. Geronimo, No. 06-CR-0087-01 (CBA) (E.D.N.Y.). Geronimo appealed to the United States Court of Appeals for the Second Circuit, which summarily affirmed the conviction by mandate issued September 24, 2009. United States v. Geronimo, No. 08-190-cr, No. 08-1018-cr, and No. 08-1083-cr (2d Cir. Sept. 3, 2009), issued as Mandate, Sept. 24, 2009. The United States Supreme Court denied Geronimo's petition for a writ of certiorari on March 8, 2010. Geronimo v. United States, 130 S. Ct. 1751 (2010).

The submission now before the Court consists of two documents: Notice of Motion to

Vacate Judgment of Conviction Pursuant to 28 U.S.C. § 2255(b), (e) and to Produce the Prisoner ("Motion to Vacate") and Affirmation and Memorandum of Law in Support of Motion to Vacate Judgment ("Memorandum"). The Motion to Vacate and the Memorandum present four separate grounds for vacating the conviction: (1) Geronimo was denied a direct appeal and effective assistance of counsel on appeal when his appointed counsel filed an <u>Anders</u> brief; (2) jury selection was referred to a magistrate judge who, like all magistrate judges, was not appointed consistent with the Constitution; (3) the arresting officers lacked probable cause to arrest; and (4) Geronimo's trial counsel was ineffective because counsel prevented him from testifying at trial.

Posr, who is a frequent litigator in his own right, purports to file the instant petition on behalf of and as next friend of Geronimo. Posr states that Geronimo was unable to file the motion on his own behalf and that Posr has standing to file as next friend to Geronimo.

Posr asserts that he is an appropriate next friend: "I have been, in Esteban Geronimo's best interest, a next friend of Esteban Geronimo for some 5 years now." (Mem. at 2.) Posr alleges that he wrote the post-trial and appellate motions that Geronimo submitted pro se: "I have in fact been writing and researching Mr. Geronimo's papers since I met him in MDC Brooklyn . . . in 2006." (<u>Id.</u> at 7.) He further asserts: "I am not an uninvited meddler or a stranger and I am significantly legally and socially related to Esteban." (<u>Id.</u>) Posr argues that he is Geronimo's "next friend" because he is a "friend" within the common meaning of the term. (<u>Id.</u> at 8.)

Posr argues that Geronimo requires the services of a "next friend" because Geronimo suffers from a "linguistic disability in that [S]panish is his mother tongue and his English skills are not developed to the degree that he can adequately function in accurately interpreting English, much less legal English." (<u>Id.</u> at 1.) Moreover, Posr asserts that his services are required because

2

no "bar-admitted attorney" was willing to make the argument that "provisions of the Federal Magistrates Act are required to pass the strict scrutiny test." (Id. at 2-5.)

Finally, he argues that the Court should accept the next friend application because "There was not enough time before the deadline to mail this application to [Geronimo], have him accurately read, reread, and reread or get a formal translation and then for him to mail it." (Id. at 2; Pet. at 9.)

## DISCUSSION

A petition for a writ of habeas corpus may be brought either "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. When the motion is brought by a person other than the prisoner, that "next friend" must demonstrate that he or she has standing to act on the prisoner's behalf.

"First a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990) (internal citations omitted).[1]

The requirement that the "next friend" act in the prisoner's best interests is critical:

---

[1] Although neither the Supreme Court nor the Second Circuit has clearly determined whether a person seeking next friend status must have a "significant relationship" to the petitioner, Padilla v. Rumsfeld, 352 F.3d 695, 703 n.7 (2d Cir. 2003), rev'd on other grounds, 542 U.S. 426 (2004), several other Courts of Appeal have determined that a "significant relationship" is required. See Fenstermaker v. Bush, No. 05 Civ. 7468, 2007 WL 1705068, at *6 & n.7 (S.D.N.Y. June 12, 2007) (collecting cases).

3

because the opportunity to seek habeas corpus relief is limited, the "next friend," in aiding the prisoner, is also exhausting the prisoner's rights. Accordingly, "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

In this case, Posr fails to demonstrate that Geronimo is incapable of asserting his own rights. Posr claims that Geronimo suffers from a "linguistic disability" in that his knowledge of the English language is limited. This is hardly a "disability" akin to mental incompetence. Many prisoners suffer from a similar disadvantage, yet manage to enlist assistance in filing their own motions. Consequently, this language difficulty does not justify litigation through a next friend. See Smith v. Conway, No. 07 Civ. 7174, 2008 WL 2531194, at *4 (S.D.N.Y. June 24, 2008) (rejecting argument that habeas petitioner could litigate through next friend because he "cannot do this" litigation, which is "impossibly hard").

Relevant here, the Court of Appeals for the Second Circuit has considered whether difficulty with the English language can warrant equitable tolling of the limitations provision in 28 U.S.C. § 2255(f). That court conceded in Diaz v. Kelly that an English language deficiency may be a sufficiently serious obstacle to warrant equitable tolling of the statute of limitations, but only in conjunction with the diligence requirement that the prisoner "make all reasonable efforts to obtain assistance to mitigate his language deficiency." 515 F.3d 149, 154 (2d Cir. 2008).

Accordingly, in order to claim English language deficiency as grounds for special treatment, prisoners must be actively seeking the assistance of persons, inside or outside the prison, "who might assist in making them aware, in their language, of legal requirements for filing a habeas corpus petition." Id. This standard contemplates a need for assistance in understanding

4

the legal requirements; it does not require that prisoners with language deficiencies be provided with full translation services or ghost-writers to prepare their submissions.

In this case, Posr does not claim that Geronimo diligently pursued his remedies during the statutory period, nor does he offer any explanation for why the materials were not prepared, explained or translated for Geronimo, and submitted earlier in the limitations period.

Accordingly, the Court finds that Posr has not demonstrated that the real party in interest cannot appear on his own behalf. Thus, Posr does not have standing to bring this motion as "next friend" to Geronimo, and Posr's request to file the motion on behalf of Geronimo is denied.

As Posr has not demonstrated that Geronimo is unable to appear on his own behalf, it is not necessary for the Court to consider whether Posr is an appropriate "next friend." Nonetheless, the Court observes that Posr has not shown that he has a significant relationship with Geronimo. Posr is not a family member; their relationship is based solely on a friendship that began when they were fellow detainees at the MDC and developed through Posr's ongoing assistance in Geronimo's legal proceedings. This is not the kind of "significant relationship" contemplated in Whitmore.

In light of the expiration of the limitations period on March 8, 2011, the Court grants Geronimo the opportunity to file an amended petition that cures the standing defect. Accordingly, the Court grants Geronimo thirty (30) days from the date of this order to submit an amended petition pursuant to 28 U.S.C. § 2255, signed by him and submitted under this docket number. Geronimo is advised that the motion should include all claims for relief, as he will have no further opportunity to file in this Court without first seeking leave of the Court of Appeals.

## CONCLUSION

For the foregoing reasons, the Court finds that Posr does not have standing to file this motion on Geronimo's behalf. In order to proceed, Geronimo may file an amended motion to vacate, under this docket number and signed by him, within 30 days of the date of this order. All proceedings shall be stayed for 30 days. If Geronimo fails to file within the time allowed, the motion shall be dismissed and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Amon/

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
March 29, 2011

6